[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants are the owners of lot 6 on Rapp map No. 441 filed on December 7, 1953, in the New Fairfield land records. The plaintiffs, John and Mary Pender, are the owners of lots 6A and 7 on the Rapp map. The Penders' deed contains a grant or reservation of an easement to the dominant tenement, lot 6, as follows: "[r]ights of Grantors, his heirs and assigns to pass and repass for all purposes whatsoever over the existing wood road running through the rear portion of said premises."
By memorandum of decision on applications for temporary injunctions dated August 9, 1995, Judge Morton Riefberg found that the width of the existing "Wood Road" was "4 feet on each side of the center line" of said "Wood Road," and "enjoined [the defendants] from performing any and all acts outside an area [four feet] . . . from either side of the center line of the right-of-way as presently located on the property of the plaintiffs."
The defendants have made an application dated August 20, 1996, for a temporary injunction ordering John and Mary Pender to refrain and cease from interfering or continuing to interfere with the defendants' above described easement, together with a motion for contempt dated August 20, 1996, claiming a violation by the Penders of the above described temporary injunction.
Based on the decision of Judge Riefberg, the defendants continued to engage Chris Wallace, a road and driveway builder, to complete the excavation and leveling necessary to create a driveway, eight feet in width across the back of the Penders' property, to reach lot 6. This work was completed on April 25, 1996. It is Wallace's claim that no deposit of material was made beyond the eight foot right-of-way. It is noted, however, that Judge Riefberg found (on page three of his decision) that "[m]uch of the excavation was conducted in areas beyond 4 feet of either CT Page 1359 side of the center line of the `Wood Road.' Boulders were moved and placed on the plaintiffs' propert[y]."
The defendants claim that sometime between April 25, 1996 and July 14, 1996, the Penders had an excavator cut away the lateral support for said "Wood Road" and thereby made said easement unsafe for vehicular traffic. The plaintiffs admit that they hired Richard Johnson to remove the deposits referred to in Judge Riefberg's decision, but deny that they removed any virgin soil that was adjacent to the easement.
The defendants have the burden of proof to show that the natural lateral support that was contiguous to their right-of-way was removed. The defendants, prior to their changing the natural configuration of their right-of-way, did not have a topographical survey done of their right-of-way and the lateral support thereto. As noted, Judge Riefberg found a substantial change to the right-of-way and its contiguous areas. The defendants suggest that they not only enjoy their eight foot right-of-way, but also an easement on the Penders' property for any lateral support necessary to maintain said easement beyond that lateral support that existed at the time the easement was created. The court is unable to find such a rule that burdens the plaintiffs' property to such an unlimited extent.
The court finds that the defendants have failed to sustain their burden of proof that the excavation performed by Richard Johnson encroached upon the natural lateral support enjoyed by the defendants' easement known as the "Wood Road" at the time it was created.
For the foregoing reasons, the defendants' application for a temporary injunction and motion for contempt are denied.
Stodolink, J.